*521
 
 Tayuor, Chief-Justice.
 

 The objection taken in arrest of judgment, is founded on the assumption, that the only materia! enquiry before the Justice was, whether
 
 Noble
 
 had assaulted
 
 Mumford,
 
 or not, on the day specified, and that whether he struck him on the back, or not, at the last wrestle, was irrelevant, and unconnected with that question ; that the. assignment of perjury in the circumstances, is consistent witli the belief that the. Defendant might have sworn truly as to the principal fact, viz. the* assault. This presents two questions — whether the materiality of the enquiry is sufficiently stated in the indictment, and whether the assignment of peijury is properly and distinctly made ?
 

 It is laid down as a rule, which I find no where controverted, that it should appear on the face of the indictment, that the oath taken was material to the question depending, not by setting forth the circumstances which, render it so, in describing the proceedings of a former trial, but by a general allegation that the particular question became material. In
 
 Jly.lett’s case,
 
 a leading one on this subject, it is stated, that it became a material question on the hearing of the complaint, and the hearing of that is stated in general terms. (1
 
 Term Rep.
 
 66.) In the
 
 King
 
 v.
 
 Dowlin,
 
 the question was much debated. It is there stated, that the question became material on the trial, in the same general terms that it is stated, here; and the trial is referred to in, this manner, that “ at sucli a Court J. R. was in due form of law tried upon a certain indictment, then and títere depending against him for murder.”
 
 Bowlin
 
 was a w itness against J. R. on that trial, and the perjury was assigned, in his swearing, that “ he had never said he would be revenged of the said J. R. and would work his ruin.” On this part of the case, it was argued on behalf of
 
 Bowlin,
 
 that all those facts ought to be stated in the proceedings against J. R. which were necessary to show that the jurisdiction waB competent j that there was something to
 
 *522
 
 f>e fr¡e(] . t[le materiality of the question to that point, and the falsity of the oath. This objection is thus directly met by
 
 Lord. Kenyon: “
 
 But it has been objected, that it was necessary to set forth in the indictment,- so much of the proceedings of the former trial, as will show the materiality of the question on which the perjury is assigned. If it were necessary, and if the question arose on the credit due to the witness, the whole of the evidence given before must be set forth
 
 ;
 
 but that has never been held to be necessary, it always having been adjudged to be sufficient to allege generally, that the particular question became a materia! question. But here it is averred, that the question on which the perjury was assigned, was a material question, and the Jury have found it so by their verdict.” (5
 
 Term Rep.
 
 319.)
 

 In this indictment, the warrant and examination before the Magistrate are stated, and the general allegation of the materiality of the question, is in conformity with the best forms, and considered in reference to the act on this subject,
 
 (Rev. eh.
 
 383) appears to me unexceptionable.
 

 The matter sworn to by the Defendant, is contradicted in the assignment of perjury, specially and particularly, and in the words in which it was sworn. Á general averment upon the whole matter, that the Defendant falsely swore, is not sufficient: it should be specific and distinct, to tiie end that the Defendant may have notice of what he is to come prepared to defend. (2
 
 M.
 
 &
 
 S.
 
 385.) And the whole matter of the Defendant’s false testimony must be set forth j and if the least part of one entire assignment be unproved, she could not be convicted. The offence charged, consists in the whole, and not in any one part of the assignment. And this, in my opinion, obviates the necessity of any opinion, as to how far perjury may be committed, if the false oath has a tendency to prove or disprove the matter iri issue, although but circumstantially ; or how far the fact sworn to, though not material to the issue, must have such a
 
 *523
 
 connexion with the principal fact, as to give weight to the testimony on that point. These views of the subject, could, in this case, only be properly presented to the Court trying the cause. I think the conviction is right.
 

 Per Curiam. — Judgment reversed.